PETERSON (UNITED STATES v.). See Case No. 16,037.

## Case No. 11,037.

### PETERSON v. WATSON.

[Blatchf. & H. 487.][1]

District Court, S. D. New York. Dec. 3, 1835.

ADMIRALTY — SUITS BY SEAMEN FOR PERSONAL TORTS—COMMON-LAW REMEDY— COMPROMISE—COSTS.

1. In an action for a personal tort, where the right of action is in dispute, the respondent may compromise with the libellant before decree, without regarding the libellant's costs, and such compromise will be a bar to a further prosecution of the suit by the libellant's proctor, to obtain the costs.

2. In actions for personal torts, courts of admiralty afford to seamen no remedies and no privileges to which they would not be entitled in courts of common law.
[Cited in The Guiding Star, 1 Fed. 349; The Max Morris, 28 Fed. 884.]

3. A notice by the proctor for the libellant, to the respondent personally, in an action for a personal tort, that, in case of a compromise out of court, he will be held liable for the costs, does not vary the relative rights of the parties, and need not be regarded.

[1] [Reported by Samuel Blatchford, Esq., and Francis Howland, Esq.]

4. Semble, that the proper notice in such case would be, that the respondent pay to the proctor for the libellant the amount of the compromise money.

5. Where a suit is compromised without satisfying a proctor's costs, and he desires to prosecute it to recover his costs, the regular practice is to notice the cause for trial, and give notice to the opposite party that the suit is continued to recover costs and nothing more.

This was an action in personam, by [John Peterson,] a seaman against [George Watson,] the master of a vessel, for an assault and battery at sea. The respondent appeared, and, by his answer, denied the allegations of the libel imputing to him tortious conduct, and justified his acts as a legal exercise of authority. Proofs were taken on both sides. Subsequently, at the instance of the libellant, the respondent compromised the cause by paying the libellant $20, and took his release and discharge from all causes of action accruing on the voyage. The proctor for the libellant, apprehending that a clandestine settlement of the cause might be made between the parties, gave the respondent notice, that if he settled the cause without satisfying the costs, he would be held answerable for them to the proctor. The release being set up by the respondent in an answer, by way of plea puis darrein continuance, the proctor for the libellant replied specially, that the release was obtained by covin and collusion, to defraud him and the officers of court of their costs, and noticed the cause for hearing upon that issue. The libellant now moved for a decree that the respondent pay the taxed costs of the libellant, notwithstanding the settlement of the cause. The respondent opposed the motion, upon the ground that he had a right to purchase his peace, in an action for tort, before the recovery of damages, without regarding the libellant's claim for costs, and distinguished this case from cases where the right of action of the plaintiff is admitted, or costs or damages are adjudged after trial.

Erastus C. Benedict, for libellant, cited Toms v. Powell, 6 Esp. 40, 7 East, 536, and 3 J. P. Smith (Eng.) 554; Cole v. Bennett, 6 Price, 15; Read v. Dupper, 6 Term R. 361; Randle v. Fuller, Id. 456; Welsh v. Hole, 1 Doug. 238.

Theodore Sedgwick, for respondent.

BETTS, District Judge. The application now made by the libellant's proctor is not strictly regular, because he noticed the cause for hearing upon the issue of a covinous and fraudulent settlement of the action, without apprising the respondent specifically, as required by the course of practice in this court, that he was proceeding for costs and nothing more; but, as that objection is not insisted on by the respondent, I shall consider the general question, whether a party can settle with his adversary under circumstances like the present, without being responsible for the costs which have already accrued. This court has had occasion heretofore to examine this subject in other aspects, and has held a respondent liable for costs, after the settlement of a suit for wages, out of court, with the sailor personally, and in the absence of his counsel, where, under the circumstances of the case, the court would not have advised or approved such settlement, if the costs were to be thrown on the sailor. The Victory [Case No. 16,937]. So, also, where the respondent and his attorney settled a claim for wages without the presence or knowledge of the libellant's proctor, by paying a sum less than the proofs taken in the cause showed to be then due, a decree was rendered against the respondent for the taxable costs. The Sarah Jane [Id. 12,348]. This case is distinguishable from those, in being a suit for a personal tort, and differs from the cases of tort in the books where the attorney's costs were secured to him notwithstanding the release of his client, in being yet only in suit, no damages or costs having been adjudged against the respondent. This court affords a party no peculiar remedy in actions of this character, nor is a seaman under any peculiar protection, nor does he enjoy any special privilege, in suits for torts. Therefore, no equity arises in behalf of the libellant here, which he could not claim if his suit had been prosecuted in a court of common law. The question, then, rests upon precisely the same principles as if it were to be decided in a court of common law, and as if the suit had been there settled between the parties, whilst in a course of prosecution, leaving the attorney to look to his client alone for the costs incurred. No case was cited on the argument, nor has any been seen by the court, which allows the mere institution of a suit for damages in tort to carry with it a lien upon or equitable claim to the costs created in bringing or pursuing the action, or which recognises the right of the attorney, in such case, to hold the defendant responsible for his costs in the suit, before the rendition of judgment therefor. The English courts have allowed the cause to proceed for the mere recovery of the costs, in suits for debts; but there is a diversity between the practice of the common pleas and that of the king's bench, in this respect. The king's bench recognises the lien of the attorney as extending to his client's funds in the hands of the defendant (Mitchell v. Oldfield, 4 Term R. 123; Toms v. Powell, 6 Esp. 40), from the time the suit is brought or notice of it is received by the defendant; but the common pleas regards the lien as only attaching to the interests of the client in the hands of his attorney, and that subject to the equitable claims of the opposite party (Hall v. Ody, 2 Bos. & P. 28; Schoole v. Noble, 1 H. Bl. 23; Swain v. Senate, 2 Bos. & P. [N. R.] 99). The court of chancery upholds com-

promises between parties, when anything is paid, though the solicitor's costs are not provided for. See Oldham v. Hand, 2 Ves. Sr. 259. If, then, this case is to be adjudged in conformity to the principles adopted by courts of common law or by the court of chancery, it would seem to follow that the libellant had the absolute control of the cause, and that his settlement, upon a valuable consideration, would be an acquittance of the respondent from all further responsibilities. The court assumes no authority over the consciences of the litigants, to enforce an adequate compensation on such mutual adjustments, nor will it interfere to trammel the right of both to enter into them. The power to arrest or rescind the effect of a compromise is cautiously exercised in respect to suits for debts actually owing; and the caution would be more fitly applied to prosecutions for mere torts, where it would be impracticable for the court, upon the opposing representations of the parties, and without hearing the proofs, to ascertain whether there was a just cause of action, or whether there was ground to distrust the justness of the settlement. The whole case would have to be tried, before the court could pronounce that the suit was properly instituted, and that it afforded prima facie ground for the award of costs to the libellant. That manifestly could never be done, without serious inconvenience and expense; and the better practical rule will doubtless be, to leave the proctor to look to the responsibility of his client alone. Ordinarily, he will take the precaution to secure himself against the mischances of suits of this character; and, if he does not, no urgent equity is thereby created for an extraordinary interference on his behalf by the court. Parties have, no doubt, a free right of election between tribunals of concurrent jurisdiction. Yet, it ought not to escape attention that suits are conducted in this court with greater expense than in many of the inferior local tribunals, and, where the remedies are the same, practitioners ought not to have a bounty to encourage their selection of that court which must be most onerous to the opposite party. In other actions in personam than those by seamen for wages, which merit the most favoring indulgences, I shall be unwilling to give proctors privileges here, in respect to costs, which they could not enjoy in any other court. In cases of collusion and fraud, the court might be induced to avail itself of the control afforded it by the stipulations of suitors, to shield its officers from inequitable and covert practices, set on foot and consummated to their wrong by the parties litigant. But the mere adjustment, by mutual agreement between the parties, of an action of tort, ought not, of itself, to be regarded as a fraud on the promovent, although a mariner, or as calling upon the court to administer for his proctor a relief which might not, on the same facts, be claimed by the proctor of any other suitor.

The notice given to the respondent does not, in my opinion, vary the relation of the parties. I will not say what the effect of such notice might have been, if it had gone no further than to require the amount of compromise money to be paid to the proctor, and not to the libellant personally; or whether, under such premonition, the respondent might have been compelled to pay to the proctor a sum not larger than the amount of the taxable costs. But, in this case, the notice forbade any settlement of the cause, without satisfying the proctor's costs. It accordingly assumed a direction in the matter beyond the right of the proctor, and one which the respondent was not bound to observe. The respondent was not bound to regard the costs of the libellant's proctor in the light of a lien on him or on any funds under his control; because no costs could exist until damages had been decreed against the respondent, and because even a recovery in such a suit does not necessarily carry costs as an incident, in admiralty. A mere proffer to buy peace, in vindictive actions, is never deemed an admission of a right to any recovery in them; nor should the fact of the payment of $20 by the respondent, to free himself from the detention and expenses of a contested suit in this court, be regarded as an acknowledgment by him that he was in fault, and that a decree must, in the end, have passed against him. There is, then, no equity shown by the libellant's proctor in demanding the payment into his hands, in the first instance, of even the sum received by his client, or any part of it; and, unless that equity manifestly appears, there would, in my opinion, be no justifiable cause for continuing the suit and charging costs on the respondent. I shall, therefore, decree the settlement to be a full bar to the further prosecution of the suit. Decree accordingly.