PURCELL, In re. See Case No. 14,174.

## Case No. 11,471.

### PURCELL v. LINCOLN.

[1 Spr. 230;[1] 17 Law Rep. 217.]

District Court, D. Massachusetts. April, 1854.

ADMIRALTY — SETTLEMENT AFTER SERVICE OF PROCESS—COSTS.

After service of process, in a suit by a seaman against an officer for a tort, a settlement was made, without the knowledge of the libellant's proctor, but in good faith, and when the situation of the respondent was such, that there was more danger of undue influence upon him, than upon the libellant: *Held*, that the proctor could not recover his costs.

In admiralty.

A. O. Allen, for libellant.

S. C. Maine, for respondent.

SPRAGUE, District Judge. This is a libel by a seaman against the mate of a vessel, for a tort. After the service of the libel, the parties made a settlement, and the libellant gave to the respondent a written discharge of both damages and costs. This was done without the knowledge of the proctor for the libellant, who now pursues the action to recover his costs [in fees and advances which had not been paid or secured to him].[2]

The circumstances of this case are peculiar, and such as I think must prevent the court from decreeing in favor of the claim now set up. The process issued was a warrant to arrest. Service was made by taking bail, while the respondent was confined to his bed by illness. A few days afterward, and while the respondent was yet confined by severe, and, as it was said at the time, dangerous illness, the libellant, of his own accord, went to his lodgings, and there the settlement was made, with the aid of a friend of the respondent; the libellant representing, at the time, that he had fully paid his proctor. The respondent had not seen, or consulted, counsel; and there is no evidence that he had received any notice of the claim, or of the intention to institute a suit, before the service of process.

This court does not encourage suits, before notice, or request, even in cases of tort, but prefers that an opportunity for a previous settlement should be given. If, indeed, there be reason to apprehend that the party will avoid the service of process, which is too often the case, the libellant would be fully justified in causing an arrest, in the first instance. But here the respondent could not escape; he was confined to his bed by serious illness; indeed, such was his condition, that the only service that could have been made upon him was a mere notice, by monition, had not his friend voluntarily become his bail.

[In Betts, Adm. p. 10, it is said "that in a libel for seamen's wages and a settlement without the knowledge of the proctor, he may be permitted to prosecute the suit for the recovery of his costs." In Ben. Adm. 302, it is said "that this may be done in a case of collusive settlement." He refers to Betts, and also to The Etna [Case No. 4,542]. The case of The Etna does not touch this question, but shows that the whole settlement may be set aside when improperly obtained. This court, in The Planet [Id. 11,204], allowed the proctor to proceed and recover his costs after a settlement by the parties without his knowledge. That was a suit for wages by a minor, and a collusive settlement behind the back of the proctor. The right of the libellant to his wages and costs was clear, and the respondent had resorted to false representations before suit brought, in order to prevent the libellant's having the means to enforce his rights. The case now before the court differs from that of The Planet [supra], and also from the rules laid down by Betts or Benedict. In the first place, this is a suit for a tort, in which the damages are indeterminate. In the second place, this settlement was not collusive, and such was the situation of the respondent that there was more danger of undue influence or coercion upon him than upon the libellant.][2]

This court has, in several cases, allowed a proctor to proceed and recover his costs, after a settlement by the parties, without his knowledge. The Planet [supra]; Angell v. Bennett [Case No. 387]; Collins v. Nickerson [Id. 3,016]. The settlement, in the present case, was not collusive; and such was the situation of the respondent, that there was more danger of undue influence, or coercion, upon him, than upon the libellant. I do not mean to decide that a case may not exist, in which the court would extend this protection to a proctor, when the settlement was not with intent to defeat him of his just claims; but the circumstances of this case are such, that I do not think it proper to decree costs for the benefit of the proctor. Libel dismissed, without costs.

PURCELL (SCHNERTZEL v.). See Case No. 12,472.

---

[1] [Reported by F. E. Parker, Esq., assisted by Charles Francis Adams, Jr., Esq., and here reprinted by permission.]

[2] [From 17 Law Rep. 217.]

[2] [From 17 Law Rep. 217.]