## SWANSON v. CHICAGO, ST. P. & K. C. RY. CO.

*(Circuit Court, D. Minnesota. June 28, 1888.)*

ATTORNEY AND CLIENT — COMPENSATION — COMPROMISE WITHOUT PAYMENT — RIGHT TO PROSECUTE SUIT.

Where plaintiff in an action for personal injuries voluntarily proposes a compromise, which is accepted, and there is nothing to show that it was collusive as to plaintiff's attorneys, who had no knowledge of it, a motion by the attorneys for leave to prosecute notwithstanding the settlement will be denied.

On Motion.

*Arctander & Arctander*, for plaintiff.

*Lusk & Bunn*, for defendant.

BREWER, J.   A motion was made by plaintiff's counsel for leave to prosecute this suit, notwithstanding an alleged settlement made by the plaintiff with the defendant, on the ground that the same was made without the knowledge of plaintiff's counsel, and with a view to defraud them out of their fees.   I have simply this to say:   It is unquestioned that parties to a lawsuit may settle and compromise their litigation without consulting their counsel; and that, in the absence of a statute giving an attorney a lien for his fees, courts will not intervene, unless there has been collusion between the parties, and an attempt to defraud an attorney out of his fees.   So say all the authorities presented by counsel for the plaintiff.   In this case there is no reason to believe that there was any collusion, or any intent to defraud.   It is one of those actions for personal injuries in which, while the amount claimed is large, yet we all know that there is often a great uncertainty as to the fact, as well as to the amount, of the verdict.   It appears that the plaintiff, on one of the first days of this term, of his own volition, went to the claim agent of the defendant, and proposed to compromise for a given sum, amounting to about a thousand dollars.   The same was accepted, the money paid, and a stipulation for the settlement of the case signed.   This was done without consultation with, and without the knowledge of, the attorneys; and there is nothing in the transaction to show that it was not executed in the utmost good faith, without any thought of any interest the attorneys might have in the case.   It is true that, the day before, the respective counsel met here in the court room, and spoke of a compromise. Counsel for defendant said he had no authority to do anything in the matter, but would suggest the terms mentioned to his client; and the plaintiff's attorney said he would do the same to his; but neither of them saw their clients, or had any consultation with them, and before they met again their clients had settled this suit.   Under those circumstances, I think the settlement must stand, although it may operate to prevent counsel for plaintiff from receiving any compensation for their services. The motion will be overruled, and the case dismissed as per stipulation.