## DOLORES MOYA RODRIGUEZ ET AL.
### *v.*
## YGNACIO ROSALES CUELI.

ACTION FOR SUPPORT OF ILLEGITIMATE CHILD—ATTORNEYS' FEE.

1. Where a statute obliges the father to support his illegitimate child until the latter arrives at the age of eighteen years, and also fixes how this support shall be furnished or paid, the child may, nevertheless, maintain an action for the value of such support where the father has abandoned it and is about to leave the country.

2. Where an attorney renders legal services in the prosecution of a suit, and during its pendency there is a collusive settlement between some of the plaintiffs and the defendant, with the intention to defraud the attorney of his fees, the court should permit the attorney to join as co-plaintiff with the remaining plaintiff for the recovery of a reasonable fee for services rendered to the plaintiffs who joined in the settlement.

November 16, 1903.

*Messrs. Pettingill & Cornwell* for plaintiffs.

*Mr. T. D. Mott* for defendant.

HOLT, Judge, delivered the following opinion:

This is an action by the plaintiff Dolores Moya Rodriguez for services rendered the defendant Ygnacio Rosales Cueli; also for what she has paid out in the support of their three illegitimate children from the time of their birth to the bringing of

this suit; also for her support until the youngest child arrives at age, and for their support and education until they severally become of age, to wit, eighteen years old, they being also party plaintiffs by her as their next friend. The declaration avers that the defendant has abandoned them, and is about to go beyond seas without making any provision for their support.

The action has been settled as to the claims of the mother individually, and need no longer be considered as to her. A settlement has also been made by her on behalf of the two oldest children, Manuel Moya Rosales and Ygnacio Moya Rosales; and an amended declaration has been filed averring that the claims as to them are withdrawn. They being infants, the court will hereafter consider whether the settlement should be ratified. If, upon hearing, this be found to their interest, it should be done; otherwise not.

It is now sought to prosecute the action: (1) As to the remaining infant child, Antonio Moya Rosales, who was not embraced by the settlement; (2) the attorneys who brought the suit, to wit, F. L. Cornwell and N. B. K. Pettingill, have united as coplaintiffs herein, and seek to recover for their services as to all the causes of action originally asserted. They aver that the mother agreed to pay them therefor one half of whatever sum the defendant might agree or be compelled to pay in satisfaction thereof; that no agreement should be made between the parties to the suit except by the consent of said attorneys; that the defendant had notice before the settlement of all this, and thereafter said Dolores Moya Rodriguez was induced and deceived, for the fraudulent purpose of defrauding them out of their fees, without their knowledge or consent, into said agreement of settlement, they thus being defrauded of their compensation as attorneys. When the order of June 4, 1903, was made herein, the court was of the opinion, upon the record as then presented,

Rodriguez v. Cueli.

that collusion between the adult plaintiff and the defendant to defraud the attorneys out of their fees by the settlement was not shown; but that such ignorance upon her part and such action on his part appeared as was equivalent to it. This is a matter, however, yet to be heard if issue be formed. The question now presented is upon a general demurrer to the declaration as amended. The court has now more fully considered the two questions presented. It is claimed that an action of this character for the support of an illegitimate child cannot be maintained, because the local law contains provisions as to the support of an illegitimate child by the parent: That it shall be according to the resources of the one and the necessities of the other; that the parent may pay it or maintain the child in his own house; that it ceases with the death of either, or when the fortune of the parent becomes so reduced that he cannot do so without disregarding his own or his family needs, or when the recipient commits any offense which is cause for disinheritance, etc. This statutory mode of proceeding should not prevent the maintenance of an action of this character when the father has abandoned the child, and is about to leave the country. He is under an obligation to support and educate him, which he has violated by his conduct.

An attorney has a general lien upon all papers, or anything which may be regarded as property, of his client, in his possession, as to which he has expended or rendered professional services. This rests upon possession, and his having the right to retain them until he is paid.

Also by the later common law he has a lien for his fees upon any judgment recovered, or upon any fund in court, as to which he has rendered services. This exists, *ex æquo et bono,* to protect him. The party should not get the fruits of his labor for nothing; and a court will consider that, to the extent of his

claim, there is an equitable assignment for his benefit. Further than this, an attorney has no lien in the absence of a statute or local law. Sherry v. Oceanic Steam Nav. Co. 72 Fed. 565; Gregory v. Pike, 15 C. C. A. 33, 21 U. S. App. 658, 33 U. S. App. 76, 67 Fed. 837. For instance, none where it is a claim for unliquidated damages, and has not proceeded to judgment.

A claim sued on is within the control of the client, and not the attorney. The former may compromise it, but the latter cannot without authority from his client. The suitor may settle without consulting his attorney. Any contract that he shall not do so is void as against public policy. The law favors amicable adjustments of controversies. If made in good faith the court will not intervene. Davis v. Webber, 66 Ark. 190, 45 L. R. A. 196, 74 Am. St. Rep. 81, 49 S. W. 822; North Chicago Street R. Co. v. Ackley, 171 Ill. 100, 44 L. R. A. 177, 49 N. E. 222.

It is true rule 20 of this court provides that the attorney shall have a lien for a reasonable fee on the claim sued on, and if the record shows his attorneyship, the defendant shall have notice of such lien. But the court is not disposed to give this rule a construction beyond the limit above indicated. It would be too broad. The court may make rules of practice. The Revised Statutes so provide. But it is at least questionable if, even in Porto Rico, where the law is in a formative period, it can by a rule create a right which does not exist by law.

Where, however, there has been collusion between the parties to an action to defraud the attorney; where their conduct has been surreptitious or unfair for this purpose,—the court ought to intervene and allow the attorney to recover reasonably for his services.

The alleged contract in this instance was that the attorneys were to have one half of any recovery. While this contract may prima facie be suspicious, it is not void. If shown to have

Rodriguez v. Cueli.

been obtained by undue influence over the client, or that it be so excessive in proportion to the services to be rendered as to be in fact oppressive to the extent of extortion, it should not be upheld; but if made in *uberrima fides,* it is valid between the parties to it; and nothing appears in this case to show that any advantage was taken. Certainly the attorney should be allowed to recover at least a reasonable fee for his services, in the case of a fraudulent combination between the parties to the suit to defraud him. Swanson v. Chicago, St. P. & K. C. R. Co. 35 Fed. 638.

By the demurrer the averments of the declaration are to be taken as true. This being so, it must be overruled, which is accordingly ordered.