894

Circuit Court of Appeals, Ninth Circuit.
July 15, 1929.

No. 5738.

Thomas A. Thacher, Harrison A. Jones, W. Kevin Casey, and Thacher & Wright, all of San Francisco, Cal., for appellant.

H. W. Hutton, of San Francisco, Cal., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This was a libel by a passenger to recover damages for a criminal assault by one of the officers of the ship. October 10, 1927, the libelant became a passenger on the steamship Ecuador, bound from La Libertad for San Francisco, arriving in the latter port October 21, 1927. The libel alleged that about 6 o'clock on the morning of October 12, 1927, the second steward of the vessel entered the stateroom of the libelant, when she was seasick and nauseated, and violently assaulted her, and against her will and consent and against her resistance forcibly had sexual intercourse with her, by reason whereof she became pregnant with child. From a decree in the sum of $10,000 in favor of the libelant, the respondent has appealed.

The utmost that can be claimed by the appellant is that the adverse decree is based on conflicting testimony taken largely in open court. Only two witnesses, the appellee and the steward, gave direct testimony concerning the alleged assault. The testimony of the appellee fully supported the charge, and that of the steward denied it in toto. The appellant contends, however, that the testimony of the appellee should be rejected because she made no outcry at the time and did not complain of the outrage committed against her for a period of some five months, or until she discovered that she was pregnant. A number of criminal cases have been cited in support of this view, but, whatever the rule may be in such cases, we think it is well settled that in civil cases no such strict rule obtains, and that the credibility of the complaining party is for the court or jury, in view of all the surrounding circumstances. Dean v. Raplee, 145 N. Y. 319, 39 N. E. 952; Linville v. Green, 125 Mo. App. 289, 102 S. W. 67; Schenk v. Dunkelow, 70 Mich. 89, 37 N. W. 886; Kramer v. Weigand, 91 Neb. 47, 135 N. W. 230; Jensen v. Lawrence, 94 Wash. 148, 162 P. 40, Ann. Cas. 1917E, 133.

The court below, after hearing the testimony of the appellee, together with her reasons for not making an outcry and for not sooner complaining of the outrage, gave credence to her story, and it is not for us to say that the court erred in so doing; for, if the case made by the appellee was not entirely free from suspicion, the defense itself was weak. The brief of the appellant practically concedes that the steward had sexual intercourse with this passenger, claiming that it was voluntary, but, if no such concession was made, the overwhelming weight of the testimony clearly establishes the fact. And from that fact, two conclusions follow: First, that the chief witness for the appellant was guilty of false swearing; and, second, that the girl who occupied the stateroom with the appellee during the greater part of the voyage was not present when the outrage was committed. Without attempting to further review the details of the testimony, from which no good can result, we deem it sufficient to say that this case belongs to that class where appellate courts refuse to re-

view decisions of trial courts based on conflicting testimony taken before them, unless the record discloses some plain error of fact, or unless there is a misapplication of some rule of law.

■ The appellee contends that the decree was less than it should have been, but we find no abuse of discretion in that regard.

The decree is affirmed, with interest from its date, and for costs in this court.

## SAN RAFAEL FREIGHT & TRANSFER CO. v. COLUMBIA STEEL CORPORATION.

Circuit Court of Appeals, Ninth Circuit. July 1, 1929.

No. 5761.

Louis T. Hengstler and Frederick W. Dorr, both of San Francisco, Cal., for appellant.

Harris K. Lyle, Joseph B. McKeon, and Farnham P. Griffiths, all of San Francisco, Cal. (McCutchen, Olney, Mannon & Greene, of San Francisco, Cal., of counsel), for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. August 16, 1927, the Columbia Steel Corporation employed the San Rafael Freight & Transfer Company to transport a quantity of steel rolls from the plant of the steel company at Pittsburg, Cal., to the port of San Francisco. Pursuant to this employment, the barge Jennie and Edna, in tow of a tug, was dispatched to Pittsburg to do the work. In the loading of the steel rolls onto the barge, an employee of the steel company operated the crane on the wharf, by means of which the rolls were lifted from the dock and placed on board the barge. The movement of the crane and the placing of the rolls was under the direction and supervision of the captain of the barge. In the course of the work, and after 17 or 18 rolls had been loaded, the barge turned over, and 17 of the rolls fell into the river. The present libel was thereupon filed to recover the cost of salvaging the steel rolls. From a decree in favor of the libelant, the respondent has appealed.

■ In support of the appeal it is earnestly insisted that in the case of a private carrier there is no presumption of negligence from the mere loss of merchandise, and that the burden of proof in such cases is upon the party charging negligence. Conceding this to be the rule, the appellee did not rest its case on the mere presumption of negligence arising from the accident. The court below was in full possession of all the facts and surrounding circumstances. Only two persons and some simple machinery were employed in the work of loading the barge. One of the persons thus employed was the servant of the appellee, and the machinery employed belonged to that company. The other person employed was the captain of the barge who had supervision of the work of loading. The person who operated the crane was free from negligence, there was no defect in the machinery, and the court below was not compelled to find that the capsizing of the barge in still water was an unavoidable accident. The only other alternative was negligence on the part of the captain who had supervision of the loading, and a finding that he was negligent was amply warranted by the testimony.

■ The allowance of $80 for the services of the surveyor was improper. The surveyor was employed by the underwriters, and whatever he did in the premises was done as their