## THE GOLDEN STAR.
### No. 21535.

District Court, N. D. California, S. D.
Dec. 21, 1934.

C. H. Fish, of San Francisco, Cal., for plaintiff.

Brodbeck, Phleger & Harrison, of San Francisco, Cal., for respondent.

ST. SURE, District Judge.

Libelant filed suit "in rem and in personam," based on a charge of negligence resulting in alleged personal injuries, for which damages were sought in the sum of $50,000. While the amount sued for is large, we know that litigants in personal injury cases frequently make claim for large damages and thereafter settle for smaller amounts. The suit is for a tort in which the damage is indeterminate, and there is always uncertainty as to the facts of the case and the verdict or judgment. Purcell v. Lincoln, 20 Fed. Cas. page 64, No. 11,471; Swanson v. Chicago, St. P. & K. C. Ry. Co. (C. C.) 35 F. 638.

Before trial, libelant settled his case with respondents without the knowledge of his proctor. Upon representation to the court that "respondents entered into a covinous, fraudulent, and collusive settlement with libelant for the sole purpose of cheating and defrauding the proctor for libelant out of his fees, costs, and disbursements and moneys advanced to libelant," an order was made permitting the proctor to prosecute the suit in the name of the libelant for recovery.

Upon hearing, the evidence failed to sustain the representations of the proctor. The settlement was made wholly upon the initiative of libelant, and without knowledge of counsel on either side. Libelant wrote a let-

ter to his proctor advising him of the settlement, requesting an account of his indebtedness, and promising payment, saying, "I will send you a check for it." "I always pay my debts."

 It is unquestioned that parties to a lawsuit may settle and compromise their litigation without consulting counsel; and that, in the absence of a statute giving the attorney a lien for his fees, courts will not intervene, unless there has been collusion between the parties and an attempt to defraud the attorney out of his fees. Swanson v. Chicago, St. P. & K. C. Ry. Co., supra; approved in Re Baxter & Co. (C. C. A.) 154 F. 22, 24; Hilditch v. American Bumper Corporation (D. C.) 15 F.(2d) 451. The rule is the same in tort cases in admiralty (Peterson v. Watson, 19 Fed. Cas. page 380, No. 11,037), although in certain wage cases the proctor has been permitted to recover costs (The Victory, 28 Fed. Cas. page 1179, No. 16,937).

While I do not approve the action of respondents' claims agent in settling the case without notice to libelant's proctor, yet the facts and the law will not justify a judgment in favor of the proctor.