## THE VINEMOOR.

### MOORE v. MOOR LINE, LIMITED.
#### No. 7259.

Circuit Court of Appeals, Ninth Circuit.
Jan. 21, 1935.

Wm. P. Lord and Arthur I. Moulton, both of Portland, Or., for appellant.

Erskine Wood, of Portland, Or., for appellee.

Before WILBUR, Circuit Judge, and NORCROSS, District Judge.

### NORCROSS, District Judge.

This is an appeal from a decree dismissing a libel brought by appellant to recover damages for injuries alleged to have been sustained by him through the negligence of the crew of the vessel Vincmoor in leaving open and unguarded a small hatch, or tonnage opening, through which appellant fell while he was assisting in loading the vessel. The hatch in question is adjacent to No. 5 hatch, which appellant and a crew of eight men were working at the time. The hatch, or opening, is about eight feet long, lying athwartships, and three feet wide, surrounded by a rail or coaming eight or ten inches high. It was covered with a tarpaulin which was unsecured when appellant stepped over the coaming and onto the tarpaulin.

The accident occurred on the night of April 5, 1929, in Gray's Harbor, Wash., and on October 5, 1931, thirty months later, appellant filed this libel. At the time of the accident the vessel was under time charter to the American Trading Company, and was being loaded with a cargo of lumber by the Twin Harbor Stevedoring Company, under contract with charterer. Appellant was an employee of the stevedoring company, engaged as a hatch tender.

The libel contains the following allegations of negligence:

"That there was a small hatch located on the deck of said motorship, near where libelant was working during the loading of the cargo, and the deck of said motorship was not well illuminated, so that libelant was unable to distinguish objects on the deck; that while libelant was engaged in his said work, members of the crew of said motorship opened up said small hatch to remove certain articles and left the same open, and during the course of the work in which libelant was engaged, libelant had occasion to walk over said deck and walked into said open hatch, thereby causing * * * permanent injury to his back. * * *"

"That said motorship and her officers and seamen were careless and negligent in that said hatch was left open and unguarded by a line or guard which is customary to place around a hatch of the type involved, and said motorship was unseaworthy in this respect, and as a direct result of said negligence and carelessness, and the unseaworthy condition of said motorship as propounded, libelant sustained the injuries and damages hereinbefore alleged."

The answer denied the acts of negligence charged, and also set up laches on the part of appellant as an affirmative defense as follows:

"Subsequent to April 5, 1929, the motorship 'Vincmoor' was in Gray's Harbor from July 20, 1929, to July 25, 1929, and from November 20, 1929, to December 1, 1929. Said vessel was in the Columbia River from March 15, 1930, to April 4, 1930. During any of the foregoings calls in ports of the State of Oregon or the State of Washington libelant could have seized the said vessel and instituted his suit. By reason of libelant's delay in instituting this suit, claimant has been prejudiced in that its witnesses have been lost, two having died prior to the institution of this suit."

On the issue of laches, the court found adversely to libelant, as follows:

"By reason of libelant's delay in instituting this suit the claimant has been prejudiced in the presentation of its defense and the libelant has been guilty of laches which should bar him from a recovery in this suit, even if he were otherwise entitled to recovery."

On the issue of negligence the court also found against appellant, and made the following finding:

"Libelant claims that he fell through a tonnage opening on the main deck. He says that the deck was not well lighted and that this tonnage opening did not have its board covers in place, but was covered only by a tarpaulin and was not guarded by a rail or line around it. Whether or not it was guarded by a rail or line I find immaterial. I find that the deck was well lighted in this vicinity; that the ship was turned over to the contracting stevedore in good and safe condition, including this tonnage opening, and that the contracting stevedore was fully aware of the working conditions about this tonnage opening; that libelant was an employee of such contracting stevedore, and

was, in fact, the hatch tender, and as such was himself in charge of No. 4 hatch and said tonnage opening and the conditions prevailing there at the time he claims to have been hurt, and was responsible for those conditions. I find that there was no substantial or convincing evidence that any of the officers or crew of the Vinemoor opened up the tonnage opening or left it open or covered it up with a tarpaulin. On the contrary the evidence all points the other way, namely, that it was the contracting stevedore and its longshoremen who did this, and who created the working conditions around No. 4 hatch and the tonnage opening, and I so find."

The court ordered that a decree be entered dismissing the libel, "both on the ground that the libelant was guilty of laches in prosecuting his claim by which the claimant was prejudiced, and on the further ground that no negligence has been shown against the ship." Inasmuch as either defense—laches on the part of the libelant or lack of negligence on the part of the ship's crew—was a sufficient ground to warrant dismissal of the libel, and in view of our conclusion on the question of negligence, we need consider only the assignments of error relating thereto, which are as follows:

"1. The court erred in holding that it was immaterial whether there was a guard around the hatch into which libelant fell, and that he assumed the risk of the unlighted hatch, and that libelant was responsible for the failure to have a light and the hatch properly protected for the reason that the hatch was under the exclusive control of the officers of the motorship."

"2. The court erred in holding that the contracting stevedore left the hatch open and covered it over with a tarpaulin for the reason that there was no evidence adduced at the trial from which the court could draw this inference."

 Although the trial in this court is de novo [The Mabel (C. C. A. 9) 61 F.(2d) 537, 540], we may observe at the outset, as we recently did in an admiralty case on appeal, that in our opinion, "this case calls for application of the well-settled rule that the trial judge's findings, on conflicting evidence heard by him, will not be disturbed on appeal unless clearly against the weight of the evidence." Matheson v. Norfolk & North American Steam Shipping Co. (C. C. A.) 73 F.(2d) 177, 180, and cases cited.

Appellant admits that "there was no eye witness as to who left open the gear (dunnage or tonnage) hatch" through which appellant fell, but contends that the evidence shows it was left open by a member of the crew of the vessel. The burden of proof was on the appellant. There is no sufficient evidence upon which to base a finding that the hatch was left open by any member of the crew. We think the court properly found, therefore, "that the ship was turned over to the contracting stevedore in a good and safe condition, including the tonnage opening," and that "there was no substantial or convincing evidence that any of the officers or crew of the Vinemoor opened up the tonnage opening or left it open or covered it with a tarpaulin," and that "the condition complained of was caused by the employees of the stevedoring company." Under these findings, the ship was not liable.

This case falls squarely within the well-settled rule that the trial judge's findings on conflicting evidence will not be disturbed on appeal unless clearly against the weight of the evidence. Matheson v. Norfolk & N. A. Steam Shipping Co., supra. The findings are amply supported by the evidence.

Decree affirmed.