## THE GOLDEN STAR.

### AYERS v. OCEANIC & ORIENTAL NAV. CO.

### No. 7893.

Circuit Court of Appeals, Ninth Circuit.

March 20, 1936.

Rehearing Denied April 13, 1936.

C. H. Fish, of San Francisco, Cal., for appellant.

Herman Phleger, Maurice E. Harrison, Moses Lasky, and Brobeck, Phleger & Harrison, all of San Francisco, Cal., for appellee.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

This appeal is from a decree dismissing a libel by James Ayers, hereinafter called libelant, against the vessel Golden Star and its owner, Oceanic & Oriental Navigation Company, a corporation, hereinafter called respondents. The appeal is prosecuted by and for the benefit of libelant's proctor, who seeks thereby to recover of respondents his costs, fees, and disbursements in this case. The District Court filed and adopted as its findings of fact the following opinion:

* "Libelant filed suit 'in rem and in personam,' based on a charge of negligence resulting in alleged personal injuries, for which damages were sought in the sum of $50,000. While the amount sued for is large, we know that litigants in personal injury cases frequently make claim for large damages and thereafter

settle for smaller amounts. The suit is for a tort in which the damage is indeterminate, and there is always uncertainty as to the facts of the case and the verdict or judgment. Purcell v. Lincoln, 20 Fed.Cas. page 64, No.11,471; Swanson v. Chicago, St. P. & K. C. Ry. Co. (C.C.) 35 F. 638.

"Before trial, libelant settled his case with respondents without the knowledge of his proctor. Upon representation to the court that 'respondents entered into a covinous, fraudulent, and collusive settlement with libelant for the sole purpose of cheating and defrauding the proctor for libelant out of his fees, costs, and disbursements and moneys advanced to libelant,' an order was made permitting the proctor to prosecute the suit in the name of the libelant for recovery.

"Upon hearing, the evidence failed to sustain the representations of the proctor. The settlement was made wholly upon the initiative of libelant, and without knowledge of counsel on either side. Libelant wrote a letter to his proctor advising him of the settlement, requesting an account of his indebtedness, and promising payment, saying, 'I will send you a check for it.' 'I always pay my debts.'

■ "It is unquestioned that parties to a lawsuit may settle and compromise their litigation without consulting counsel; and that, in the absence of a statute giving the attorney a lien for his fees, courts will not intervene, unless there has been collusion between the parties and an attempt to defraud the attorney out of his fees. Swanson v. Chicago, St. P. & K. C. Ry. Co., supra; approved in Re Baxter & Co. (C.C.A.) 154 F. 22, 24; Hilditch v. American Bumper Corporation (D.C.) 15 F.(2d) 451. The rule is the same in tort cases in admiralty (Peterson v. Watson, 19 Fed.Cas. page 380, No. 11,037), although in certain wage cases the proctor has been permitted to recover costs (The Victory, 28 Fed.Cas. page 1179, No. 16,937).

"While I do not approve the action of respondents' claims agent in settling the case without notice to libelant's proctor, yet the facts and the law will not justify a judgment in favor of the proctor."

■ Libelant's proctor, by some of his assignments of error, challenges the District Court's findings as being against the weight of the evidence. These assignments are without merit. The findings are amply supported by competent testimony, all of which was taken in the presence of the court. Such findings will not be disturbed on appeal. The Andrea F. Luckenbach (C.C.A.9) 78 F.(2d) 827, 828; Lortie v. American-Hawaiian S. S. Co. (C.C.A.9) 78 F.(2d) 819, 820; Wandtke v. Anderson (C.C.A.9) 74 F.(2d) 381, 384; The Bergen (C.C.A.9) 64 F.(2d) 877, 880; The Mabel (C.C.A.9) 61 F.(2d) 537, 540; The Hermosa (C.C.A.9) 57 F.(2d) 20, 24; Panama Mail S. S. Co. v. Vargas (C.C.A.9) 33 F.(2d) 894; The Boston Maru (C.C.A.9) 20 F.(2d) 508, 509; Luckenbach S. S. Co. v. Campbell (C.C.A.9) 8 F.(2d) 223, 224.

Having found that there was no fraud or collusion in the settlement between libelant and respondents, the District Court rightly concluded that, as against respondents, there could be no recovery of costs, fees, or disbursements of libelant's proctor. See authorities cited in the District Court's opinion, supra.

■ Libelant's proctor assigns as error the admission in evidence of "certain affidavits," and "certain unsworn statements of the libelant." These assignments do not quote the full substance of the evidence referred to, as required by our rule 11, and are, therefore, disregarded. Levine v. United States (C.C.A.9) 79 F.(2d) 364, 367.

Libelant's proctor filed in the District Court a petition for rehearing, the denial of which he assigns as error. The petition, as originally filed, consisted wholly of argumentative matter designed to show that the District Court's findings of fact and conclusions of law were wrong. These contentions have been considered and disposed of, and require no further discussion.

■ The petition was amended by inserting therein an allegation to the effect that certain testimony introduced by respondents was false. In support of the petition, libelant's proctor filed an affidavit stating that, since the trial, he had discovered certain documentary evidence not theretofore known to or discoverable by him, which, he stated, would show the falsity of the testimony introduced by respondent. The documents referred to were not set out in the affidavit and were not presented to the District Court or to this court. Consequently, the refusal

to reopen the case for the admission of this evidence constitutes no ground for reversal. Kenney v. Blake (C.C.A.9) 125 F. 672, 675. Furthermore, the petition was addressed to the District Court's discretion, the exercise of which, in the absence of abuse, will not be interfered with. The I. F. Chapman (C.C.A.1) 241 F. 836, 839.

Decree affirmed.