## PORTLAND TUG & BARGE CO. v. UPPER COLUMBIA RIVER TOWING CO. et al.

### THE MEGLER.

### THE LYLE H.

### No. 10923.

Circuit Court of Appeals, Ninth Circuit.

Dec. 17, 1945.

Rehearing Denied Feb. 25, 1946.

MacCormac Snow, of Portland, Ore., for appellant.

Carl E. Davidson and John F. Reilly, both of Portland, Ore., for appellee Upper Columbia River Towing Co.

Ira W. Carl, of Portland, Ore., for appellee Miles R. Hallett.

Before STEPHENS, HEALY, and BONE, Circuit Judges.

STEPHENS, Circuit Judge.

The Portland Tug & Barge Company, owner of the tug Star, Derrick Barge No. 10, and Barge No. 60, filed a libel against the Upper Columbia River Towing Company and the latter's tug Megler to recover damages resulting from a maritime collision. A third party, Miles R. Hallett, appears as claimant of the tug Lyle H, which was brought into the case under Admiralty Rule 56. The district court decreed that the libel be dismissed. Libelant appeals.

On the evening of January 7, 1943, a flotilla consisting of libelant's Derrick Barge No. 10 and Barge No. 60, libelant's tug Star, and the third party's tug Lyle H, was proceeding down the Columbia River from Vancouver Terminal. Respondent's tug Megler with Oil Barge 503 in tow was making its way up the river. Just below Vancouver a collision between the two groups of craft occurred. Derrick Barge 10 sank, and Barge 60 was damaged; respondent and the third party sustained no damage.

Libelant filed the instant libel asserting as the cause of the collision the Megler's negligence in failing to maintain a proper lookout to navigate to the right of midchannel, to sound and answer whistles, to carry proper lights, to turn to port upon the ·sounding of a starboard to starboard passage signal by libelant's flotilla, and to stop and reverse upon the sounding of a danger signal by libelant's flotilla. Respondent answered denying negligence on its part and claiming negligence on the part of libelant. It then filed a petition under which the third party's tug and libelant's tug and barges were brought into the case and charged negligence on the part of all in failing to exhibit proper light, to sound whistles, to keep a proper lookout and competent crew, to navigate the right side of the channel, and to manage the flotilla properly, in attempting a starboard to starboard passage, and in turning to port and across the Megler's bow immediately before the collision.

The case was tried wholly on oral testimony as to the facts of the collision. The evidence was confused and highly conflicting in many important respects. The trial court resolved the conflict and found "that respondent was not guilty of any negligence proximately causing or contrib-

uting to said collision." The record reveals no inherent improbability or plain error to detract from the finding. In the circumstances we would not be justified in interfering with the finding. Matson Nav. Co. v. Pope & Talbot, Inc., 9 Cir., 1945, 149 F.2d 295, 298; Puratich v. United States, 9 Cir., 1942, 126 F.2d 914, 916; The Heranger, 9 Cir., 1939, 101 F.2d 953, 957; McLain Line, Inc. v. Pennsylvania R. Co., 2 Cir., 1937, 88 F.2d 435, 436; The Mabel, 9 Cir., 1932, 61 F.2d 537, 540.

Libelant complains specifically on appeal of the Megler's failure to maintain a proper lookout, of her being navigated on the wrong side of the ship channel, and of her failure to respond to a whistle signal. Libelant then argues that its own flotilla was properly lighted. Its discussion of the points is dependent upon its own version of the facts. However, inherent in the trial court's finding as to the absence of negligence on the part of respondent is an acceptance of respondent's version of the facts. Also, we have carefully related libelant-appellant's earnest arguments to the testimony in the case and have concluded that the weight of the evidence supports the finding of the trial court. See Thomas v. Pacific S. S. Lines Ltd., 9 Cir., 1936, 84 F. 2d 506, 507; American-Hawaiian S. S. Co. v. Western Transp. Co., 9 Cir., 1943, 139 F.2d 478; Matson Nav. Co. v. Pope & Talbot, Inc., 9 Cir., 1945, 149 F.2d 295.

Affirmed.